

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

February 13, 2026

**By ECF**
Hon. Vernon S. Broderick
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

  Re: *Sidqui v. Almodovar et al.*, No. 25 Civ. 9349 (VSB)

Dear Judge Broderick:

  This Office represents the government in this habeas corpus action, in which petitioner Nouamane Sidqui ("Petitioner") challenged his detention by U.S. Immigration and Customs Enforcement. On January 30, 2026, the Court issued an opinion and order granting the habeas petition, and entered judgment on February 3. ECF Nos. 31, 32. On February 5, 2026, Petitioner filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"). ECF No. 35. As explained below, however, a fee motion is premature at this time. Accordingly, on behalf of all parties, we write jointly to request that the EAJA fee motion be held in abeyance.

  Petitioner's motion is premature. Under EAJA, a party seeking a fee award must submit its application "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A "final judgment" is "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). That provision has been interpreted to mean that the "EAJA clock begins to run after the time to appeal that 'final judgment' has expired." *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991).

  As a result, an EAJA application is premature where it is filed prior to entry of a "final judgment" for EAJA purposes. *See United States v. 27.09 Acres of Land*, 1 F.3d 107, 111 (2d Cir. 1993) ("The record on this appeal reflects neither entry of a final judgment, nor the docketing of a settlement order or any order terminating this action. . . . Thus, it appears that no 'final judgment' for EAJA purposes was ever entered in this action. The . . . EAJA application was therefore premature and the district court lacked jurisdiction to decide it."); *accord Joell v. Wormuth*, 24 CV 686, 2025 WL 2775915, at *5 (N.D.N.Y. Sept. 30, 2025) (holding that "in this Circuit, courts have found parties' EAJA applications made prior to entry of a final judgment to be premature" and citing cases).

  There is no "final judgment" for EAJA purposes in this case. The Court entered judgment on February 3, but that is not a "final judgment" for EAJA; the government has 60 days to file an appeal after entry of judgment, *i.e.*, until April 6, 2026.[1] *See* Fed. R. App. P. 4(a)(1)(B),

---

[1] The Solicitor General of the United States determines whether to appeal cases on behalf of the federal government. *See* 28 C.F.R. § 0.20(b).

(a)(7)(A). Until the appeal period expires – or until any appeal is resolved – there is no "final judgment." As a result, Petitioner's motion for fees pursuant to EAJA is premature at this time, and the Court lacks jurisdiction to resolve it. *See 27.09 Acres of Land*, 1 F.3d at 111.

In light of the above, the parties respectfully request that the briefing schedule be held in abeyance until the judgment becomes final for EAJA purposes, and that the parties jointly file a letter with a proposed briefing schedule within two business days after judgment becomes final. *See, e.g.*, *Barco Mercado v. Francis*, 25 CV 6582 (LAK), ECF No. 31 (S.D.N.Y. Jan. 6, 2026) (granting parties' joint request to adjourn schedule on EAJA fees until after "final judgment").

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:    */s/ Brandon Cowart*
BRANDON H. COWART
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2693
E-mail: brandon.cowart@usdoj.gov
*Attorney for Respondents*

cc: Counsel of Record (by ECF)

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J.  2/17/2026

To ensure that Petitioner's EAJA fees application is not premature and that I have jurisdiction to consider it, I grant the Government's request for a stay until April 6, 2026. The parties shall meet and confer and consider whether any dispute over EAJA fees may possibly be consensually resolved without need for judicial resolution, or if necessary, to confer on agreed dates for the remaining briefing. The parties shall file a joint status letter with a proposed briefing schedule by April 8, 2026.